**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
NEDZAT KORAC,               :
                            :    **Civ. No. 18-17048 (RMB)**
            Petitioner      :
                            :
     v.                     :    **OPINION**
                            :
WARDEN S. YOUNG,            :
                            :
            Respondent      :
_____ :

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1); Respondent's motion to dismiss (Mot. to Dismiss, ECF No. 10); Respt's Mem. of Law in Supp. of Mot. to Dismiss ("Respt's Brief") (ECF No. 10-1); and Petitioner's reply brief (Petr's Reply, ECF No. 11.) For the reasons set forth below, Respondent's motion to dismiss for lack of jurisdiction is granted.

I.  BACKGROUND

Petitioner is an inmate incarcerated in the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"). (Pet., ECF No. 1, ¶2.) Petitioner's incarceration arises out of his September 7, 2017 sentence, in the United States District Court, Southern District of New York, to a 70-month term of

imprisonment and three years of supervised release. (Declaration of Ondreya Barksdale ("Barksdale Decl.") Attach. 1, ECF No. 10-2 at 5.) Petitioner was convicted of bank burglary and conspiracy to commit bank burglary, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 371. (Id.) If Petitioner receives all good conduct time available, his projected release date is October 4, 2020. (Id. at 4.)

II. DISCUSSION

    A. The Petition

Petitioner alleges the Federal Bureau of Prisons ("BOP") erroneously applied an incorrect base score under Policy No. 5100.08, governing Inmate Security Designation and Custody Classification, which adversely affects him. (Pet., ECF No. 1, ¶6.) Petitioner raises four related grounds for relief. First, he asserts that the plain reading of New York Penal Code § 120.00 does not permit an interpretation that an open hand slap is a crime of violence. (Id., ¶13, Ground One.)

Second, Petitioner argues that the BOP abused its statutory discretion by assigning Petitioner a six-point violent history score based on an uncertified police report. (Id., Ground Two.) Third, Petitioner contends the BOP elevated a minor assault to an aggravated assault, based on its own interpretation of New York law, contrary to New York case law. (Id., Ground Three.)

Fourth, Petitioner argues that the BOP lacks authority to interpret law by use of custom or policy. (Pet., ECF No. 1, ¶13, Ground Four.) In support of his fourth ground for relief, Petitioner argues that New York case law states that "petty slaps, shoves and kicks do not amount to 'violent' or 'physical injury' under the statute, and the victim in his case did not require medical attention. (Id.) Petitioner also notes that the description of the assault by the police officer was not verified. (Id.) For relief, Petitioner asks the court to remove three points from his violent history score. (Id., ¶15.)

B. Respondent's Motion to Dismiss

Respondents explain that the Bureau of Prisons uses a custody classification, consisting of a "base score" and a "custody score," to designate an inmate to an appropriate security level institution.[1] (Respt's Brief, ECF No. 10-1 at 6 n. 1.) See BOP Program Statement ("PS") 5100.08 at 1.[2] Factors the BOP considers in making a custody classification include the level of security and supervision the inmate requires, and the inmate's program needs, including substance abuse, educational/vocational,

---

[1] FCI Fairton is a medium security institution. (Respt's Brief, ECF No. 10-1 at 6.)

[2] Available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query#

individual counseling, group counseling, medical and/or mental health treatment. BOP PS5100.08, Ch. 1 at 1.

In determining an inmate's base custody classification score, the BOP considers information from the sentencing court, the U.S. Marshals Service, the U.S. Attorney's Office and the U.S. Probation Office. Id. at 2. Factors that are considered include the severity of the inmate's current offense, history of violence, criminal history, education level and evidence of drug or alcohol abuse. Id., Ch. 6 at 2-9.

Points for history of violence, part of the base score, depend on the level of violence and the length of time since the offense. Id., Ch. 4 at 9. A "minor" history of violence features "aggressive or intimidating behavior which is not likely to cause serious bodily harm or death;" and a serious history of violence is "aggressive or intimidating behavior which is likely to cause serious bodily harm or death.'" Id. at 9-10. If there is more than one incident of violence, the BOP scores "the combination of seriousness and recency that yields the highest point score." Id. at 9.

Petitioner's base custody-classification score is 21, with six points for history of violence. (Respt's Brief, ECF No. 10-1 at 9.) Petitioner challenges only his six history-of-violence points. (Id. at 9, n. 4.) The BOP assigned Petitioner six history-of-violence points based on an arrest report of a third degree

assault that occurred on May 11, 2011, which the BOP considered a "serious" offense because Petitioner struck the victim in the head with his open hand, causing swelling and pain, and choked the victim, obstructing her breathing. (Respt's Brief, ECF No. 10-1 at 9.)

Respondent contends that the Court lacks subject matter jurisdiction because a habeas petition under 28 U.S.C. § 2241 is limited to challenging the execution of a sentence. (Id. at 14.) Petitioner does not argue that the assignment of his custody classification violated any court order in carrying out his sentence or that his sentence should be calculated differently. (Id.) Determination of custody classification is exclusively within the BOP's discretion. (Id.)

Furthermore, Respondent argues that even if the court were to exercise jurisdiction, Petitioner failed to exhaust his administrative remedies because he requested only a three-point reduction in his custody classification score, and now he argues that all six history-of-violence points should be removed. (Id. at 12.)

C. Petitioner's Reply Brief

In reply, Petitioner contends that placing a prisoner in a higher security level prison raises Fifth and Eighth Amendment concerns because "higher security level prisons are prone to have violent atmospheres." (Petr's Reply, ECF No. 11 at 2.) Petitioner

argues there are exceptional circumstances requiring the Court to accept jurisdiction because miscalculation of custody points could put a prisoner's life in danger and "the Federal Bureau of Prisons has a duty to keep the prisoner's environment compatible with his custody score…." (Petr's Reply, ECF No. 11 at 2.)

Petitioner contends that his arrest for misdemeanor third-degree battery under New York Penal Code § 120.00 does not constitute a crime of violence because the victim did not require medical attention. (Id. at 3.) Petitioner relies on Marom v. Town of Greenburgh, 722 F. Appx. 32, 35 (2nd Cir. 2018), which quoted People v. Chiddick, 866 N.E.2d 1039 (2007), stating that "'petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives constitute only harassment and not assault, because they do not inflict physical injury.'" (Petr's Reply, ECF No. 11 at 3.) For relief, Petitioner seeks to have six points removed from his custody classification base score, permitting him to be transferred to a low security level institution. (Id. at 4.)

   D.   Analysis

"[28 U.S.C. §] 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir.2005) (quoting Coady v.

6

Vaughn, 251 F.3d 480, 485 (3d Cir. 2001.) In order to challenge the execution of a sentence, a prisoner must allege that the "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537.

There is no authority for Petitioner's argument that erroneous classification to a higher security facility implicates the cruel and unusual punishments clause of the Eighth Amendment because the prisoner is subjected to a greater risk of violence. Further, courts have rejected the similar argument that the Due Process Clause is implicated by the security level of the facility where a prisoner is assigned. See Levi v. Ebbert, 353 F. App'x 681, 682 (3d Cir. 2009) (per curiam) ("prisoners have no constitutional right to a particular classification"); Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010) (per curiam) ("[i]n the absence of the type of change in custody level at issue in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005)[3], such an objection is simply not a proper challenge to the "execution" of a sentence cognizable in a § 2241 proceeding.")) A claim that a prisoner's custody classification score was wrongly calculated is not a challenge to the fact or length of his

---

[3] In Woodall, a prisoner challenged BOP regulations that limited a prisoner's placement in community confinement to the lesser of ten percent of the prisoner's total sentence or six months. 432 F.3d at 237.

7

confinement, and therefore is not cognizable in a § 2241 petition. Levi, 353 F. App'x at 681.

Here, Petitioner has not shown that the BOP's conduct in calculating his custody classification is inconsistent with his sentencing judgment or a recommendation of the sentencing court. Further, granting his petition would not result in a change to the duration of Petitioner's sentence. For these reasons, the Court lacks jurisdiction over the petition under § 2241. See Cardona, 681 F. 3d at 537 (holding that court lacked jurisdiction under § 2241 over Petitioner's challenge to his placement in a Special Management Unit of prison); see Forman v. Bureau of Prisons, Civ. Action No. 10-1260(NLH), 2010 WL 3881415, at *4 (D.N.J. Sept. 27, 2010) (the petitioner failed to establish any due process violation in his assignment to a particular security classification or place of confinement).

III. CONCLUSION

For the reasons discussed above, the Court lacks jurisdiction over Petitioner's petition for writ of habeas corpus under § 2241, and Respondent's motion to dismiss is granted.

An appropriate Order follows.

Date: **October 10, 2019**

s/Renée Marie Bumb
**RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE**